**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ELVIN WOOD PIZZATY,

    Petitioner,

v.                                               Case No:  8:15-cv-1476-T-30MAP
                                                      Crim. Case. No. 8:13-cr-515-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Petitioner Elvin Wood Pizzaty's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) filed on June 13, 2015.  Petitioner currently requests that the Court hold his motion in abeyance pending the outcome of an appeal he filed with the Eleventh Circuit Court of Appeals on February 6, 2015.  Petitioner also requests appointment of counsel.

The judgment in Petitioner's criminal case was entered on June 26, 2014.  (CR Doc. 53).  Petitioner therefore had until July 10, 2014, to appeal his judgment.  *See* Fed R. App. P. 4(b)(1)(A)(i) (allowing a criminal defendant fourteen days after the entry of either the judgment or the order being appealed to file a notice of appeal).  Petitioner did not file a direct appeal within that time frame.  Thus, Petitioner has until July 10, 2015, to file a motion under § 2255.  *See* § 2255(f)(1) (providing a one-year limitations period); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (stating that "when a defendant does

not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"). Petitioner's motion, filed on June 13, 2015, is timely.

However, on February 6, 2015, Petitioner filed a belated notice of appeal challenging the judgment entered on June 26, 2014. (CR Doc. 55). Petitioner also sought leave to proceed *in forma pauperis* on appeal, which the Court construed as a motion to file a belated appeal. (CR Doc. 58). The Court denied Petitioner's motion to file a belated appeal, concluding that it did not have the authority to further extend the time for Petitioner to file an appeal. (CR Doc. 70). Nevertheless, Petitioner's untimely direct appeal remains pending before the Eleventh Circuit Court of Appeals in case number 15-10542. On June 19, 2015, Petitioner's counsel filed a motion with the Eleventh Circuit Court of Appeals to dismiss the appeal as untimely, which remains pending as of June 25, 2015.

Generally, a § 2255 motion filed during the pendency of a direct appeal is premature. *See United States v. Casaran-Rivas*, 311 F. App'x 269, 273 (11th Cir. 2009). But since Petitioner's appeal is untimely, Petitioner's motion is not premature. The time for filing a motion under § 2255 is not tolled by the filing of an untimely appeal. *See Garcia v. United States*, No. 8:03-cr-458-T-30MAP, 2006 WL 263598, at *2 (M.D. Fla. Feb. 2, 2006). Thus, if Petitioner's motion were dismissed as premature, he could potentially lose his opportunity to pursue relief under § 2255 if his untimely appeal is not resolved prior to the expiration of the limitations period on July 10, 2015.

The more conservative approach, as taken by Petitioner, is to timely file his § 2255 motion, and request that the petition be held in abeyance pending the resolution of the

untimely direct appeal. As such, the Court concludes that it is appropriate to hold Petitioner's § 2255 motion in abeyance pending final resolution of his appeal.

Petitioner also requests that the Court appoint him counsel. Generally, appointment of counsel to assist a petitioner with a motion filed pursuant to § 2255 is only necessary when the Court determines that an evidentiary hearing is required to resolve the motion. At this time, appointment of counsel is not warranted. The Court will revisit this request if necessary.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is held in ABEYANCE pending the Eleventh Circuit Court of Appeals' resolution of Petitioner's appeal in case number 15-10542.

2. Petitioner's request for appointment of counsel is DENIED.

3. The Clerk is directed to administratively close this case.

4. Within twenty (20) days of the final disposition of Petitioner's appeal in case number 15-10542, Petitioner shall file a motion to reopen his § 2255 motion and must also file any memorandum in support of such motion at that time.

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of June, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record